UNITED STATES DISTRCIT COURT
NORTHERN DISTRCIT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MPH TECHNOLOGIES OY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.10 CV 684 |
| v. | ) |
| | ) Judge Darrah |
| ZYXEL COMMUNICATIONS CORPORATION; ZYXEL COMMUNICATINOS, INC.; NETGEAR INC.; CHECK POINT SOFTWARE TECHNOLOGIES, LTD.; and CHECK POITN SOFTWARE TECHNOLOGIES, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, MPH Technologies OY ("MPH"), brought a patent infringement lawsuit against the Defendants – Zyxel Communications Corporation, a Taiwanese corporation, ("Zyxel Corp"); Zyxel Communications, Inc. ("Zyxel Inc"); Netgear, Inc. ("Netgear"); Check Point Software Technologies, Ltd., an Israeli corporation ("CP Ltd"); and Check Point Software Technologies, Inc. ("CP Inc") – alleging that Defendants infringed on MPH's United States Patent 7,346,926 ("the '926 Patent") issued on March 18, 2008, and titled "Method for Sending Messages Over Secure Mobile Communication Links." MPH has not executed service on Zyxel Corp and CP Ltd, and neither entity has appeared in the instant case.

CP Ltd is an Israeli company with its principal place of business in Tel Avi. CP Inc is a subsidiary of CP Ltd. CP Inc is a Delaware corporation and is located in Redwood City, California. Zyxel Corp is a Taiwanese company with its principal place of business in Taiwan. Zyxel Inc is a subsidiary of Zyxel Corp and is a California corporation with its principal place of business in Anaheim, California.

Currently before the Court are Defendants Zyxel Inc, Netgear, and CP Inc's (collectively, "Defendants") Motion to Transfer the instant action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## LEGAL STANDARD

28 U.S.C. § 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a)

The party seeking transfer "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). District courts have broad discretion to grant or deny a motion to transfer. *Heller Financial, Inc., v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir. 1989). A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *MLR, LLC v. Kyocer Wireless Corp.,* 2005 U.S. Dist. LEXIS 43895, at *3 (N.D. Ill. April 6, 2005) ("*MLR*") (citing *Law Bulletin Publ'g Co. v. LRP Publ'n Inc.,* 992 F.Supp. 1014, 1017 (N.D. Ill. 1998)).

**ANAYLSIS**

*Transferee and Transferor Courts*

MPH's Complaint alleges that Defendants infringed on MPH's '926 Patent. "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Defendants' products that allegedly infringe on the '926 Patent were sold in the Northern District of Illinois. Defendants' principal places of business are in the Northern District of California. Accordingly, MPH and Defendants agree that venue is proper both in the Northern District of Illinois and in the Northern District of California.

*Convenience of Parties and Witnesses*

When evaluating the relative convenience of the parties and witnesses, the court considers: (1) the plaintiff's initial forum choice, (2) the convenience of the witnesses, (3) the relative ease of access to other evidence, (4) the situs of material events, and (5) the relative convenience of the parties in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000) ("*Amoco*").

<u>Plaintiff's Initial Forum Choice</u>

The plaintiff's choice of forum is typically given a great deal of weight, particularly if the forum is the plaintiff's home forum. *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007). However, where the plaintiff's choice of forum has a relatively weak connection with the operative facts giving rise to the claim, the deference traditionally given to that selection is lessened. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001). The activities and

business of the alleged infringer are the operative facts for a patent infringement case. *See Gen 17, Inc. v. Sun Microsys., Inc.,* 953 F. Supp. 240, 243 (N.D. Ill. 1997).

MPH is a Finish corporation with its principal place of business in Finland. MPH argues that its claim has the following connections with the Northern District of Illinois: (1) CP Inc's, CP Ltd's, Zyxel Inc's and Zyxel Corp's products that infringe on MPH's patent have been sold in this district; (2) CP Inc's, CP Ltd's, Zyxel Inc's and Zyxel Corp's products that infringe on MPH's patent have been sold and offered for sale through resellers with several offices in this district; and (3) CP Inc and CP Ltd maintain offices in this judicial district.[1] MPH concedes that the Defendants sell their products throughout the United States. However, "[s]ales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states." *Anchor Wall Sys., Inc. v. R & D Concrete Prods. Inc.,* 55 F. Supp. 2d 871, 874. Accordingly, MPH's initial forum selection of the Northern District of Illinois is given minimal weight against transfer.

Convenience of Witnesses

The determination of the convenience of witnesses is often considered the most important factor in the transfer balance. *First Horizon Pharm. Corp. v. Breckenridge Pharm. Inc.,* 2004 U.S. Dist. LEXIT 13871, * at 12-13 (N.D. Ill. July 21, 2004) (*"First Horizon"*) (quoting *Tingstol v. Rainbow Sales, Inc.,* 18 F. Supp. 2d 930, 933 (N.D. Ill. 1998)). When determining whether a particular venue is more convenient for the witnesses, a court must consider the number of witnesses in each forum; the nature, quality, and importance of the witnesses' testimony with respect to the issues of the case;

---

[1] CP Inc argues that it only has one sales office in this district in Downers Grove, IL, which employs only twenty-six employees.

the expense of transportation and the length of time the witnesses will be absent from their jobs; and whether the witnesses can be compelled to testify. *Event News Network, Inc. v. Thill*, 2005 U.S. Dist. LEXIS 26643, at * 16 (N.D. Ill. Nov. 2, 2005). The convenience of non-party witnesses is substantially more important than the convenience of party witnesses because the latter are within the party's control. *Id.*

Defendants states that 13 of Defendants' employees and 12 third-party witnesses will be needed to testify in this case. All of Defendants' employee witnesses reside in California. Half of the 12 third-party witnesses reside in California, with the remaining residing overseas. MPH identifies four potential witnesses; three of the four reside in Finland, and the other's residency is undisclosed.

MPH argues that Defendants' 13 employees that reside in California and that need to testify should be afforded no weight in determining whether to transfer the instant case to the Northern District of California. While it is true that the convenience of non-party witnesses is more important than the convenience of party witnesses, the convenience of party witnesses is to be considered under a motion-to-transfer analysis. Accordingly, the convenience of the Defendants' party witnesses moderately favors transferring the case to the Northern District of California.

MPH argues that Defendants have failed to show the necessity of Defendants' third-party witnesses and that therefore they should not be considered. "In order to overcome the deference to the plaintiff's forum choice on the issue of witness convenience, the defendant must show that the testimony of these particular witnesses is necessary to his case." *MLR*, 2005 U.S. Dist. LEXIS 43895, at *3. Defendants have adequately identified their third-party witnesses and the predicted testimony of these

witnesses. The Defendants' six third-party witnesses that reside in California favor transfer to the Northern District of California.

In regards to the foreign witnesses, neither the Northern District of California nor the Northern District of Illinois will be significantly more convenient. Accordingly, no weight is given.

Accordingly, the convenience of the witnesses supports transferring the case to the Northern District of California.

### Access to Sources of Proof

Defendants argue that its evidence in the instant case will include documents, data, and witnesses and that all are present either in the Northern or Central Districts of California. Defendants are not aware of any relevant documents, data or witnesses in the Northern District of Illinois. "In this day and age, transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town." *Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 840 (N.D. Ill. 2009).

Accordingly, this factor only slightly favors transfer to the Northern District of California.

### Situs of Material Events

The location of material events for purposes of venue is the location where the defendant's decision and activities that gave rise to the claim took place. *First Horizon*, 2004 U.S. Dist LEXIS 13871, at *3. However, "this factor is largely irrelevant in patent cases, as infringement is determined by comparing the alleged infringing device or product with the language of the claim." *Kolcraft Enters. v. Chicco USA, Inc.*, 2009 U.S.

Dist. LEXIS, at * 8 (N.D. Ill. Oct. 23, 2009). "In this way, the material events of a patent infringement case do not revolve around a particular situs." *Id.* The location in which the allegedly infringing product is designed, produced, shipped, sold or purchased does not weigh in favor of either party. *See Id.* at * 8. Accordingly, this factor is neutral.

## Convenience of Parties

When considering the convenience to the parties themselves, the court may consider where the parties reside and their respective abilities to bear the expense of the trial in a particular forum. *Heller Financial, Inc. v. Riverdale Auto Parts Inc.,* 713 F. Supp. 1125, 1130 (N.D. Ill. 1989). Transfer is inappropriate if it "merely transforms an inconvenience for one party into an inconvenience for the other party." *Tech. Concepts L.P. v. Zurn Indus.,* 2002 U.S. Dist. LEXIS 21020, at *15 (N.D. Ill. Oct. 31, 2002).

As discussed above, Defendants all reside in California. Many of Defendants' employees are expected to testify in the case, and they all reside in California. Half of Defendants' third-party witnesses also reside in California. None of Defendants' witnesses reside in Illinois.

MPH is a Finnish corporation. MPH's witnesses reside in Finland. MPH argues that because many of the parties are international "[the] Chicago [location] will serve as a central hub equally or better than northern California." (MPH's Res. p. 8). Coming to Chicago from overseas cannot be said to be more inconvenient than going to northern California from overseas. Accordingly, MPH's location is neutral as to the issue of transfer.

7

Accordingly, because transferring the case to the Northern District of California would not merely shift the inconvenience, the inconvenience of the parties favors transferring the case to the Northern District of California.[2]

*Interest of Justice*

The determination that a transfer is in the interest of justice focuses on the efficient administration of the court systems, as opposed to the private considerations of the litigants. *Amoco*, 90 F. Supp. 2d at 961. It includes such considerations of: (1) the speed at which the case will proceed to trial, (2) the courts' familiarity with the applicable law, (3) the relation of the community to the occurrence at issue, and (4) the desirability of resolving controversies in their locale. *Id.*

Speed the Case Will Proceed

Defendants argue that proceeding with the case in the Northern District of California would be faster than proceeding with it in the Northern District of Illinois.[3] MPH argues that the Northern District of Illinois would be faster.[4] Neither estimate of

---

[2] Defendants did not weigh Zyxel Corp and CP Ltd's interests in having the case transferred to the Northern District of California. MPH argues that 28 U.S.C. § 1404(a) must address the convenience of all parties and that Zyxel Corp's and CP Ltd's presence in the case weighs against transfer. Zyxel Corp and CP Ltd have not been served, have not appeared and thus have taken no position on the motion to transfer. If these parties were before the Court, they would likely prefer the case to be in the Northern District of California as their subsidiaries' principal places of business are there. There is no indication that the Northern District of Illinois would be more convenient for either of them. Thus, the presence of the unserved parties in this suit does not argue against transfer.

[3] Defendants state that the median time-to-trial in the District of California is 2.87 years; and that a patent case in the Northern District of Illinois is 3.42.

[4] MPH states that the median length of a civil case for both districts are: (1) resolved before trial: N.D. Ill. 6.1 months, N.D. Cal. 8.4 months; (2) resolved during trial: N.D. Ill. 11.7 months, N.D. Cal. 14.1 months; (3) resolved at trial: N.D. Ill. 26.6 months, N.D.

the parties shows any significant difference in length of time to conclude the case. Accordingly, this factor is neutral.

### Courts' Familiarity with the Applicable Law

Both the Northern District of Illinois and the Northern District of California are equally familiar with the applicable law in the instant case. Accordingly, this factor is neutral.

### Communities' Interest in Resolving the Case

MPH's suit alleges infringement of an MPH patent by Defendants and seeks damages and injunctive relief. The citizens of Illinois and California are equally concerned with enforcing patent laws. But Defendants employ hundreds of people in California and have their principal places of business there. Further, if injunctive relief is granted against the Defendants, that injunction will have to be enforced primarily in California. *See Confederation des Brasseries de Belgique v. Coors Brewing Co.*, 2000 U.S. Dist. Lexis, at *16 (N.D. Ill. Jan. 20, 2000).

Accordingly, the communities' interest in the case favors transfer to the Northern District of California.

### Desirability of Resolving Controversies in their Locale

The Northern District of Illinois and the Northern District of California are equal in their desirability to resolve controversies in their locale. Accordingly, this factor is neutral.

---

Cal. 26.2 months; and (4) disposition of all civil cases: N.D. Ill 6.2 months, N.D. Cal. 9.4 months.

## CONCLUSION

Accordingly, for the above-mentioned reasons, the case is transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

Date: 7/16/10

JOHN W. DARRAH
United States District Court Judge